O’Neall, J.
In this case we are satisfied with the instructions of the judge below, to the jury.
The case of Fitch vs. Hilleary, 1 Hill, 292, and the cases to which is refers, are the authority relied on in support of the plaintiff’s motion. But it will be seen in that, and in all the cases referred to, that each party had' an open, unsettled account against the other, the articles in which might be fairly considered as payments pro tanto of the indebtedness on the other side. This is the only construction of the cases which can make them consistent with themselves — for they all go upon the ground that the account of a defendant is an acknowledgment of the account of a plaintiff, when they both arise and go on together. The case of Fitch vs. Hilleary as *353 sumes this view: but I confess on a review of that case, that the facts can hardly justify it: the ground upon which I am best satisfied with that case is, that the parties were to be considered as merchant and merchant, and therefore, that the case was within the exception to the statute of limitations.
In the case under consideration, there is nothing which can be regarded as a mutual account. The plaintiffs alone claim for an unsettled account: the defendants make no such claim. It is not pretended that the defendants’ testator left any account charged upon his books against the plaintiffs. This absence of claim on the part of the defendants negatives the notion of a mutual account.
It is true, beyond all question, that a note of hand cannot be regarded as the evidence of a mutual account. It has-directly the contrary effect: it furnishes a presumption that the accounts between the parties, to its date, have been settled. The plaintiff’s due bill to the testator cannot therefore be regarded as a mutual account between these parties. The hire of a slave in ’34-’35, was by the month; and as Hr. Green left no charges for the same, it cannot be supposed that he intended it as' a payment pro tanto of the plaintiffs’ previous services as clerks in the Post Office. Indeed, so far 'as this part of the claim is concerned, which is certainly independent of the book store'account, it is a bar; for it appears upon an examination of the authorities referred to, that a demand on the part of the defendants arising subsequent to that on the part of the plaintiffs, could not be regarded as a mutual account. To be so, both must exist together. Even as against their book store account, there is nothing to justify a conclusion that either party ever regarded the services of the slave as in satisfaction of,-or to be applied to it. The plaintiffs themselves on their books gave no such credit, and the defendant in no shape whatever gave any such indication. His conversation with Glass was before the slave’s hire was earned. His acknowledgment in ’34 to Glass, that “ he thought he owed the Messrs. Cunninghams money,” may be fairly referred to the book store account, and not to the plaintiffs’ services as clerks in the Post Office. But is plain that it was no evidence of a mutual account. If it was any thing, it was an evidence of an existing indebtedness, and, therefore, of a new promise: but under the replication of mutual accounts, it *354 could not be looked to as evidence of a promise within four years before action brought, for the pleadings did not present that issue, and therefore it can have no effect.
The motion is dismissed.
Mr. Justice Gantt dissented.